UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ANGEL GUTIERREZ,<br>Plaintiff,<br>v.<br>NANCY A. BERRYHILL,<br>Defendant. | Case No. 18-cv-07666-DMR<br><br>**ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 26, 27 |

Plaintiff Mario Angel Gutierrez moves for summary judgment to reverse the Commissioner of the Social Security Administration's (the "Commissioner's") final administrative decision, which found Gutierrez not disabled and therefore denied his application for benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 et seq. [Docket No. 26.] The Commissioner cross-moves to affirm. [Docket No. 27.] For the reasons stated below, the court grants Gutierrez's motion, denies the Commissioner's motion, and remands this matter for further proceedings consistent with this opinion.

## I. BACKGROUND

Gutierrez filed an application for Social Security Disability Insurance ("SSDI") benefits on November 23, 2015, and filed an application for Supplemental Security Income ("SSI") benefits on April 11, 2016, alleging disability beginning November 14, 2013. Administrative Record ("AR") 197-198, 199-204. An Administrative Law Judge ("ALJ") held a hearing and issued an unfavorable decision on September 19, 2017. AR 19-34. The ALJ found that Gutierrez has the following severe impairments: peripheral neuropathy bilateral upper and lower extremities, depression, and anxiety. A.R. 24. The ALJ determined that Gutierrez has the residual functional capacity ("RFC")

> to perform less than full range of sedentary work . . . [s]pecifically, the claimant is limited to the following: lifting and carrying 10 pounds; frequent twisting, stooping, crouching and climbing stairs,

occasional balancing, kneeling and crawling, no climbing ladders,
                    frequent handling and fingering, and can perform simple routine tasks
                    with occasional public contact.

A.R. 26.

Relying on the opinion of a vocational expert ("VE") who testified that an individual with such an RFC could perform other jobs existing in the economy, including tube operator, addresser, and document preparer, the ALJ concluded that Gutierrez is not disabled. A.R. 33.

After the Appeals Council denied review, Gutierrez sought review in this court. [Docket No. 1.]

## II.   ISSUES FOR REVIEW

The parties dispute whether the ALJ erred in determining Gutierrez's RFC.

## III.  STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the district court has the authority to review a decision by the Commissioner denying a claimant disability benefits. "This court may set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (citations omitted). Substantial evidence is evidence within the record that could lead a reasonable mind to accept a conclusion regarding disability status. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a mere scintilla, but less than a preponderance. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir.1996) (internal citation omitted). When performing this analysis, the court must "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citation and quotation marks omitted).

If the evidence reasonably could support two conclusions, the court "may not substitute its judgment for that of the Commissioner" and must affirm the decision. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citation omitted). "Finally, the court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citations and internal quotation marks omitted).

## IV. DISCUSSION

Gutierrez argues that the ALJ's RFC assessment is not supported by substantial evidence, and therefore the VE testimony was based on inaccurate hypotheticals about Gutierrez's abilities. Specifically, he asserts that even though the ALJ gave "great weight" to the opinions of treating physician Arturo Montano, M.D., and examining physician Jenny Forman, Ph.D., the RFC did not account for certain limitations they assessed.

### A. Legal Standard

In determining a claimant's RFC at step four of the sequential analysis, an ALJ must consider "all of the relevant medical and other evidence" in the record, 20 C.F.R. §§ 404.1545(a)(3), 404.1546(c), and must consider all of the claimant's "medically determinable impairments," including those that are not severe. 20 C.F.R. § 404.1545(a)(2); *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "[A]n RFC that fails to take into account a claimant's limitations is defective." *Valentine v. Comm'r. of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

### B. Analysis

#### 1. Dr. Montano's Opinion

Arturo Montano, M.D., of San Francisco General Hospital, completed a Neuropathy and Pain Questionnaire for Gutierrez on May 27, 2017. A.R. 538-540. He noted that he had first examined Gutierrez on April 26, 2016, and had seen him every 6-12 months. A.R. 538. He diagnosed chronic, progressive small fiber neuropathy with symptoms of severe neuropathic pain and allodynia. Dr. Montano opined that Gutierrez can stand/walk for two to four hours, with unlimited sitting. He can occasionally balance, kneel, and crawl, and frequently twist, stoop, crouch/squat, and climb stairs. A.R. 538. According to Dr. Montano, Gutierrez would "potentially require breaks if job duties result in exacerbation of neuropathic pain, such as prolonged standing or frequent/repetitive use of hands," and such breaks could be "1-2 hours at a time depending on severity of symptoms." A.R. 538.

Dr. Montano opined that Gutierrez has "significant limitations with reaching, handling or fingering." According to Dr. Montano, Gutierrez can use each hand to grasp, turn, and twist objects for 50% of an eight-hour workday, and perform fine manipulations with his fingers for

50% of an eight-hour workday. A.R. 539. He also opined that Gutierrez would likely be absent from work about four days per month as a result of his impairments. A.R. 539.

The ALJ stated she accorded "great weight" to the exertional and manipulative limitations assessed by Dr. Montano "because they are generally consistent with the medical record." However, she found that the record does not support the monthly absences and breaks described by Dr. Montano, noting that "parts of the opinion are vague and speculative—for example, Dr. Montano notes [Gutierrez] 'may' need a 1-2 hour break during the day if something causes him pain." A.R. 32.

Gutierrez argues that even though the ALJ gave great weight to Dr. Montano's "exertional and manipulative limitations," the RFC did not account for each of those limitations. Specifically, the RFC provides that Gutierrez can perform "frequent handling and fingering." Social Security rules define "frequent" as "occurring from one-third to two-thirds of the time." *Titles II & XVI: Determining Capability to Do Other Work-the Med.-Vocational Rules of Appendix 2*, SSR 83-10, at *6 (S.S.A. 1983). However, Dr. Montano opined that Gutierrez has "significant limitations with reaching, handling or fingering" and limited him to using his hands for grasping, turning, and twisting and his fingers for fine manipulations for only 50% of an eight-hour workday. A.R. 539. Accordingly, Gutierrez's RFC for "frequent handling and fingering" is inconsistent with Dr. Montano's assessed limitations, because a job involving "frequent handling and fingering" could require handling and fingering for up to two-thirds of the time, which is more than 50% of an eight-hour workday. The ALJ thus erred by failing to incorporate the specific exertional and manipulative limitations assessed by Dr. Montano. *See Valentine*, 574 F.3d at 690 ("[A]n RFC that fails to take into account a claimant's limitations is defective."); *see also Goytia v. Berryhill*, No. 14-cv-04498-EJD, 2017 WL 1150524, at *6 (N.D. Cal. Mar. 28, 2017) ("Having accepted [a medical source's] assessment of Plaintiff's moderate limitations, the ALJ was required to incorporate those limitations into an RFC at step four of the sequential analysis."). Further, the testimony offered by the VE is defective because it relied on an inaccurate RFC. *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) ("If a vocational expert's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no evidentiary value to support a

4

finding that the claimant can perform jobs in the national economy.").

The Commissioner does not argue that the assessed RFC for "frequent handling and fingering" is consistent with Dr. Montano's assessment. Instead, she argues that the ALJ did not adopt Dr. Montano's opinion and thus was not required to incorporate all of Dr. Montano's limitations into the RFC and cites to record evidence that she claims supports the ALJ's decision to discount that portion of his opinion. Def.'s Mot. 5-6.

While an ALJ is not required to adopt all of an examining or treating physician's assessment, *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989), an ALJ is required to explain the reasons for rejecting those portions of an examining or treating physician's assessment that the ALJ chooses not to adopt. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 n.10 (9th Cir. 2007). By not incorporating Dr. Montano's limitations on handling and fingering into the RFC, the ALJ implicitly rejected that portion of his opinion, even though she expressly "accord[ed] great weight to the exertional and manipulative limitations" assessed by Dr. Montano without qualification. A.R. 32. The ALJ thus erred with respect to Dr. Montano's assessed limitations on handling and fingering, for "[t]he opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)). Given the requirements governing the treatment of an examining physician's opinions, the ALJ should have made a determination about whether Dr. Montano's opinions regarding Gutierrez's impaired ability to handle and finger were contradicted or supported by any other doctor. Her failure to do so was legal error, as was her failure to explain why she rejected those opinions.

### 2. Dr. Forman's Opinion

Jenny Forman, Ph.D., evaluated Gutierrez on October 16, 2015. A.R. 323-326. She interviewed Gutierrez and performed a mental status examination. A.R. 323-324. Gutierrez's cognition, attention/concentration, insight, and abstraction were fair. He was fully oriented with a calm mood and affect and logical, linear thought process. Dr. Forman diagnosed amphetamine use disorder; alcohol use disorder; bipolar disorder; rule out PTSD, OCD, bulimia, and

5

schizoaffective disorder. A.R. 324.

Based on the mental status examination and clinical interview, Dr. Forman opined that Gutierrez's ability to follow simple instructions and to maintain adequate pace or persistence to perform one or two step simple repetitive tasks is unimpaired. She opined that he is mildly to moderately impaired in the abilities to follow complex/detailed instructions, perform complex tasks, withstand the stress of an eight-hour workday, interact appropriately with others, and adapt to changes, hazards, or stressors in the workplace. In response to the question, "How many hours a day able to work?," Dr. Forman wrote, "4-8 (simple tasks, low stress)." A.R. 325.

The ALJ summarized Dr. Forman's opinion, and specifically included the assessment that Gutierrez "can work 4-8 hours per day at simple tasks, low stress." The ALJ stated she accorded "great weight" to Dr. Forman's opinion "because it is supported by cognitive exam and consistent with lack of mental health treatment and substance use." A.R. 31. In relevant part, the ALJ concluded that Gutierrez possesses the RFC to "perform simple routine tasks with occasional public contact."

Gutierrez argues that the ALJ erred in assessing an RFC that "is not entirely consistent" with Dr. Forman's opinion that Gutierrez is able to do "simple tasks, low stress" for 4-8 hours per day, because the RFC omits the 4-8 hours per day limitation. He further notes that the ALJ did not include that limitation in any of the hypotheticals to the VE. Pl.'s Mot. 8.

In response, the Commissioner argues that the RFC "is generally consistent" with Dr. Forman's limitation because she opined that Gutierrez could work *up to* eight hours per day, noting that an RFC is the most a claimant can do despite his or her limitations. Def.'s Mot. 6. She also argues that the ALJ did not adopt Dr. Forman's opinion and thus was not required to incorporate all of Dr. Forman's limitations into the RFC. *Id*.

The court concludes that the ALJ erred with respect to Dr. Forman's opinion and the resulting assessment of the relevant portion of Gutierrez's RFC. This is because Dr. Forman's opinion that Gutierrez is able to work 4-8 hours per day is ambiguous. It is possible that Dr. Forman meant that Gutierrez could regularly work up to 8 hours per day. If so, the RFC would be consistent with Dr. Forman's opinion. However, Dr. Forman's opinion can also be interpreted to

mean that Gutierrez could only occasionally work up to 8 hours per day; such an interpretation would be inconsistent with the RFC. The ALJ did not resolve or even identify the ambiguity. Instead, she specifically noted that portion of Dr. Forman's opinion and did not offer reasons to reject or discount it, and therefore appears to have accepted it. The ALJ erred by failing to resolve the ambiguity in Forman's opinion. The ALJ has the duty to "conduct an appropriate inquiry" if the evidence is ambiguous or inadequate to permit a proper evaluation of a claimant's impairments. *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996). If evidence from a medical source is insufficient to determine if the claimant is disabled, an ALJ may be required to re-contact the medical source to seek additional evidence or clarification. *See* 20 C.F.R. §§ 404.1520b(b), 416.920b(b); *see also Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) ("[t]he ALJ's duty to supplement a claimant's record is triggered by ambiguous evidence [or] the ALJ's own finding that the record is inadequate"). Here, the court cannot say that the ALJ discharged this duty with respect to Dr. Forman's opinion. *See Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."). As a result, the relevant portion of the RFC is not supported by substantial evidence.

## V. CONCLUSION

For the foregoing reasons, Gutierrez's motion for summary judgment is granted and the Commissioner's motion is denied. This matter is remanded for reconsideration of the Step Four analysis in a manner that is consistent with this opinion.

**IT IS SO ORDERED.**

Dated: March 2, 2020



Donna M. Ryu
United States Magistrate Judge

7